Kulwinder SINGH, Petitioner,

v.

Michael B. MUKASEY,[1] U.S. Attorney
General, Respondent.

No. 07–2990–ag.

United States Court of Appeals,
Second Circuit.

May 1, 2008.

Hector M. Roman, Jackson Heights,
New York, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Kathryn L. Deangelis, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Kulwinder Singh, a native and citizen of India, seeks review of a June 18, 2007 order of the BIA affirming the September 28, 2005 decision of Immigration Judge ("IJ") Noel Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kulwinder Singh,* No. A97 545 837 (B.I.A. June 18, 2007), *aff'g* No. A97 545 837 (Immig. Ct. N.Y. City, Sept. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA adopted the IJ's adverse credibility finding, but found that she incorrectly identified an omission from Singh's testimony regarding his father's arrest. Thus, we may review both the IJ's and BIA's decisions, minus the finding that the BIA identified as erroneous. *See id.*

This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou*

*Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

We conclude that substantial evidence supports the IJ's adverse credibility determination. The IJ accurately identified an inconsistency in the record concerning the timing of Singh's medical treatment in July 2003. Because this unexplained inconsistency was material to Singh's claim that he was beaten by the police in July 2003 and then treated for related injuries, it substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

The IJ also correctly observed an inconsistency between Singh's testimony and the INS document submitted by the Government concerning whether his father or his uncle arranged his travel to the United States. While this inconsistency may be deemed minor or ancillary to Singh's asylum claim, the IJ nevertheless appropriately deemed it consequential when weighed cumulatively with the other inconsistency. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (emphasizing that, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless

be deemed consequential by the fact-finder").

Moreover, the IJ appropriately found that Singh's testimony was "evasive and non-responsive." *See id.* at 401 (emphasizing that because demeanor is "virtually always evaluated subjectively and intuitively," an IJ's demeanor finding is accorded "great deference"). For example, when asked when he returned to see the physician regarding his injuries, the hearing transcript indicates that, instead of responding, Singh "[was] looking down, looking around." Similarly, when asked whether he ever engaged in violent activities in Punjab, or whether the person who helped smuggle him into North America was on the plane with him, the IJ noted that Singh was hesitant. In the same vein, the IJ accurately noted that, although Singh was asked on two occasions whether he applied for asylum while he was in Canada, he did not answer that question. Thus, because the IJ's demeanor finding was supported by the record, that finding properly substantiated her adverse credibility determination. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006); *Zhou Yun Zhang,* 386 F.3d at 73 (affording particular deference to the trier of fact's assessment of demeanor).

■ Having called Singh's credibility into question, the IJ reasonably found that Singh's deficient corroboration rendered him unable to rehabilitate his testimony. *See Zhou Yun Zhang,* 386 F.3d at 78. First, the IJ appropriately questioned Singh's medical record documenting his July 2003 treatment because it was dated August 2004. The IJ also properly declined to give weight to Singh's driver's license because he testified that it was issued to him in 2000, whereas the year of issuance was 2003. This Court has previously held that the weight afforded to documentary evidence " 'lies largely' within

the discretion of the IJ." *Xiao Ji Chen,* 471 F.3d at 341–42. Given that Singh failed to present any sufficient photo identification from India, the IJ appropriately questioned his identity as a Sikh. *See Wangchuck v. Dep't of Homeland Security,* 448 F.3d 524, 528 (2d Cir.2006) (emphasizing that an asylum applicant's nationality is a threshold question in determining his eligibility for asylum). Finally, the IJ reasonably faulted Singh for not providing corroboration from the uncle with whom he purportedly lived in the United States. *See id.* at 341 (holding that an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration when the applicant is not otherwise deemed credible).

Notwithstanding any error in the agency's adverse credibility determination, it was, as a whole, supported by substantial evidence. Accordingly, remand is not required because it can be confidently predicted that the agency would reach the same decision, absent any errors. *See id.* at 339–40. We therefore decline to reach the agency's alternative burden of proof finding.

■ Because the only evidence of a threat to Singh's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-

quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).